Bruce R. **COUNCILMAN**, Appellee,

v.

Melvin R. **LAIRD**, Secretary of Defense, et al., Appellants.

No. 72–1812.

United States Court of Appeals, Tenth Circuit.

Argued and Submitted May 25, 1973.

Decided July 19, 1973.

Anthony J. Steinmeyer, Atty., Dept. of Justice (Harlington Wood, Jr., Asst. Atty. Gen., William R. Burkett, U. S. Atty., Walter H. Fleischer and Michael H. Stein, Attys., Dept. of Justice, with him on the brief), for appellants.

Nicholas D. Garrett and Orin Christopher Meyers, Lawton, Okl., for appellee.

Before SETH, HOLLOWAY and McWILLIAMS, Circuit Judges.

SETH, Circuit Judge.

Appellants, defendants below, appeal from an order of the United States District Court for the Western District of Oklahoma, permanently enjoining the defendants from continuing with court-martial proceedings against appellee.

As a basis of its order, the trial court found that the offenses with which appellee was charged by the military were not "service connected" within the meaning of that term as developed in the decisions of the Supreme Court of the United States in O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L. Ed.2d 291, and Relford v. Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102.

Appellee Councilman, a Captain in the United States Army stationed at Fort Sill, Oklahoma, was charged under the Uniform Code of Military Justice with the wrongful sale and transfer of marijuana to an enlisted man, Army Specialist Four Glenn D. Skaggs. He was also charged with the wrongful possession of marijuana which took place on another occasion. Although Captain Councilman was charged under Article 134, the general article, the constitutionality of which has been questioned, see Avrech v. Secretary of the Navy, 477 F.2d 1237 (D.C.Cir. 1973); Levy v. Parker, 478 F.2d 772 (3d Cir. 1973), that issue is not presented to us, and it is unnecessary to decide it in the context of this case.

Councilman sought to have the court-martial proceedings dismissed for lack of jurisdiction, but his motion was denied by the presiding judge of the court-martial. This suit was then commenced.

The facts, which are not in dispute, are as follows: The Army authorities were advised by a confidential informant that Councilman was using marijuana in his off-post apartment. Thereafter, at a party to which he was invited for that purpose, Captain Councilman was introduced to an undercover agent

of the Army's Criminal Investigation Division, Specialist Four Glenn D. Skaggs. Skaggs was using the name Danny Drees, and was introduced to Councilman as an Army clerk-typist, also stationed at Fort Sill. Thereafter it is alleged that Councilman on one occasion transferred, and on another sold, small amounts of marijuana to Skaggs, alias Drees.

Based on Skaggs' investigation, Councilman was apprehended by civilian authorities, and a search of his apartment turned up a small quantity of marijuana. Skaggs from time to time also acted on behalf of the civilian authorities. Councilman was subsequently turned over to military authorities, and the court-martial proceedings here in issue were commenced. During all times relevant to the issues in this case, it is stipulated that Councilman was off-post, off-duty, and out of uniform, and that Skaggs was off-post and out of uniform, and although ostensibly off-duty, was in fact on duty in his capacity as an undercover agent.

In Relford v. Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102, referred to by the trial court, the Supreme Court set forth twelve tests which it considered to be implicit from the holding in O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291. These standards are to be used in determining if offenses are "service connected." A review of the facts in the present case in the light of Relford reveals that only one of the standards or factors need be here considered. This one concerns whether the "victim" is engaged in a duty relating to the military. As to this element, we do not consider that Skaggs, alias Drees, was a "victim" in the ordinary sense. Also if the time of the offense is considered, Skaggs was not then engaged outwardly in the performance of any duty relating to the military. The opinion in Relford does not indicate that the Supreme Court had in mind this type of situation when it referred to a person performing military duties or to a "victim." The Relford Court also added nine other factors that should be taken into consideration in arriving at a determination of whether a crime is sufficiently "service connected" so as to confer jurisdiction on a military court. These factors are enumerated at 401 U.S. 367, 369, 91 S.Ct. 649. As to these factors, the Government argues that because the alleged sale and transfer of marijuana was between two servicemen, and particularly here between an officer and an enlisted man, they have shown sufficient "service connection" to enable the military courts to assume jurisdiction over appellee. Of the nine factors, only one might be present here. This factor relates to the rank of the persons involved in the incident or the fact that both were servicemen.

It has been held that the off-base possession of marijuana by a serviceman is not "service connected." Moylan v. Laird, 305 F.Supp. 551 (D.R.I.). Neither is off-base use of marijuana. Cole v. Laird, 468 F.2d 829 (5th Cir.). Nor is the off-base sale by a serviceman to a civilian. United States v. Morley, 20 USCMA 179. It has also been held that there is no "service connection" when a serviceman commits an off-duty, off-base, out of uniform offense against the dependents of another serviceman, United States v. Henderson, 18 USCMA 601, although the Court of Military Appeals has held that any offense by one serviceman against another, even if committed off-base, off-duty, and while the offender is in civilian attire and unaware that his victim is the person or property of another serviceman, is sufficiently "service connected" to confer court-martial jurisdiction. United States v. Camacho, 19 USCMA 11.

■ We cannot agree that this sale or transfer of marijuana, as we previously said, involved any "victim," and it appears that "service connection" based on this theory is so remote as to be not at all within the meaning of that term as used by the Supreme Court in O'Callahan and Relford. See United States v. Cook, 19 USCMA 13; Silvero

v. Chief of Naval Air Basic Training, 428 F.2d 1009 (5th Cir.).

The requirement of indictment by a grand jury and the right to a jury trial are not forfeited by a person simply because he chooses, or is in some cases required, to serve his country as a member of the Armed Forces. These rights should be preserved to a serviceman insofar as possible without interfering with military discipline. In the instant case, there is no military connection with the crime other than the fact that Councilman and Skaggs were members of the Armed Forces. The commission of the crimes that appellee stands accused of affects military discipline no more than commission of any crime by any serviceman.

The trial court was correct in its determination that the military was without jurisdiction to proceed with the court-martial of Captain Councilman and in issuing the injunction.

Affirmed.