**Daniel R. CHASTAIN, Petitioner,**

v.

**Maj. Gen. Alton D. SLAY, Commander, Lowry Air Force Base, Colorado et al., Respondents.**

**Civ. A. No. C–5221.**

United States District Court,
D. Colorado.

Sept. 28, 1973.

Sander N. Karp, Denver, Colo., for petitioner.

William K. Hickey, Asst. U. S. Atty., Denver, Colo., for respondents.

CHILSON, Judge.

## ORDER

Petitioner is an airman in the United States Air Force stationed at Lowry Air Force Base near Aurora, Colorado. Court-martial charges were preferred against him for failure to obey an order or regulation in that he wrongfully sold, used and possessed certain drugs on various dates while in the military service.

The charges so preferred are, for the purposes of this proceeding, divided into two categories—first, the charges alleged to have been committed on Lowry Air Force Base and second, those which are alleged to have been committed off base in Aurora, Colorado.

It is the latter category of charges which, by this action, petitioner seeks to enjoin respondents from prosecuting.

As to these charges, it is admitted that at the time of the alleged use and possession of drugs by the petitioner, petitioner was off base, off duty, and out of uniform.

It is also admitted that the sales of drugs alleged in the second category of charges involve sales of drugs to Airmen Price and Moser, and that these sales took place off base, when petitioner, Price, and Moser were off duty and out of uniform.

The petitioner moved the military court to dismiss the second category of charges on the ground the military court is without jurisdiction to try him on those charges. This motion was denied by the military court.

The respondents have moved to dismiss the petitioner's petition in this court on the grounds that the petitioner has not exhausted his remedies through the military courts and therefore this court is without jurisdiction to grant the relief requested.

Briefs in support of and in opposition to the motion to dismiss have been filed.

■■■ This Court is of the opinion that the decision of the Tenth Circuit Court of Appeals in Councilman v. Laird, 481 F.2d 613 (1973) is dispositive of not only the jurisdictional question presently before the Court, but also may well be dispositive of the merits of the action.

Although the Court in *Councilman* did not discuss the question of exhaustion of remedies, the Court of Appeals, upon an almost identical set of facts, held that the military court was without jurisdiction to proceed with court-martial charges for the sale and transfer of marihuana to an enlisted man where the offense was "off post, off duty, and out of uniform."

As in this case, Councilman had moved the military court to dismiss the charges against him for lack of jurisdiction and as in this case, Councilman's motion was denied by the presiding judge of the court-martial. As in this case, Councilman instituted an action in Federal Court to enjoin the court-martial proceedings.

This Court has no way of knowing what the Circuit Court of Appeals would have said in *Councilman* had the question of "exhaustion of remedies" been raised. Whether that Court would have determined that Councilman had exhausted his remedies when he filed his motion with the military court to dismiss the charges against him for lack of jurisdiction, or whether the Circuit Court would have held that exhaustion of remedies is not necessary when the jurisdiction of the military court is questioned. In this case, such speculation is purely academic, for *Councilman* holds, in effect, that when the question of jurisdiction is raised in the military court and denied by it that the Federal District Court has jurisdiction to determine the question of jurisdiction of the military court without requiring the petitioner to pursue the matter further in the court-martial proceedings.

This Court has jurisdiction to entertain and determine this action on its

merits and the respondents' motion to dismiss should be denied.

Because of the similarity of the admitted facts of this case with those of *Councilman*, we are of the opinion that *Councilman* may control the disposition of this case on its merits. Therefore, respondents should be restrained from proceeding with the second category of charges pending the disposition of this case on its merits.

It is therefore ordered that the respondents' motion to dismiss the petition is hereby denied.

It is further ordered that the respondents are enjoined from proceeding further with the second category of the court-martial charges, more specifically, additional Charge I, consisting of eleven specifications and additional Charge II, consisting of specifications 6, 7, 8, and 9 until the disposition of this action on the merits or until the further order of the Court.