Seaman Apprentice William Jack
**REED**, Jr., Plaintiff,

v.

Honorable John William **MIDDENDORF**,
Secretary of the Navy, et al.,
Defendants.

**No. CV–74–2685–DWW.**

United States District Court,
C. D. California.

Oct. 22, 1974.

John K. Van De Kamp, Federal Public
Defender, John W. Hornbeck, Deputy
Federal Public Defender, Los Angeles,
Cal., for plaintiff.

William D. Keller, U. S. Atty., Freder-
ick M. Brosio, Jr., Asst. U. S. Atty.,
Chief, Civ. Div., Stephen D. Petersen,
Asst. U. S. Atty., Los Angeles, Cal., for
defendants.

## ORDER GRANTING PERMA-NENT INJUNCTION

DAVID W. WILLIAMS, District
Judge.

Reed is an enlisted man in the United
States Navy and is currently assigned to
the United States Naval Support Activi-
ty at Long Beach, California. He
brings this petition for a writ of habeas
corpus and seeks to permanently enjoin

a special court martial from proceeding against him for two alleged drug sales arising out of charges of wrongful possession, transfer and sale of controlled substance (approximately 155 amphetamine tablets). At the time of the alleged sales to two naval informants, Reed was off duty, in his off base apartment, and in civilian clothing. The alleged purchasers were also out of uniform and off duty, insofar as their regular naval duties were concerned. Reed was about to receive a medical discharge (for phobic neurosis, claustrophobia) when the base legal officer put a "legal hold" on the discharge one hour before it was to have been issued.

## JURISDICTION

■ Jurisdiction is properly in this Court under 28 U.S.C. § 2241. The concept of custody appears to have been sufficiently developed to cover the restraints on the petitioner. See Strait v. Laird, 406 U.S. 341, 92 S.Ct. 1693, 32 L. Ed.2d 141 (1972). Also in Hensley v. Municipal Court, 411 U.S. 345, 350, 93 S.Ct. 1571, 1574, 36 L.Ed.2d 294 (1973) the Court noted that the theme of " . . . speed, flexibility and simplicity . . . has indelibly marked (the) custody requirement."

## EXHAUSTION OF MILITARY REMEDIES

■■ The general rule requires that a party's military remedies be fully pursued and exhausted within the military judicial system before habeas corpus can be invoked. However, recent Supreme Court decisions have indicated two exceptions to this rule. In Noyd v. Bond, 395 U.S. 683, 89 S.Ct. 1876, 23 L.Ed.2d 631 (1969) the Court pointed out that exhaustion of military remedies is not required in those cases where " . . . the complainants raised substantial arguments denying the right of the military to try them at all." 395 U.S. at 696, footnote 8, 89 S.Ct. at 1884. Petitioner has presented substantial arguments on the issue of service connection

and thus the requirement for this first exception is satisfied.

In Parisi v. Davidson, 405 U.S. 34, 92 S.Ct. 815, 31 L.Ed.2d 17 (1972) the Court recognized a second exception to the exhaustion requirement. It held that a futility exception applies when the relief the petitioner seeks would not be available to him "with reasonable promptness and certainty through the machinery of the military judicial system . . ." 405 U.S. at 41, 92 S.Ct. at 820. The *Parisi* court was not persuaded that relief within the military "would be even potentially available, much less that it would be either prompt or certain." I am convinced that petitioner has no potential remedy on the service connection question within the military.

In U. S. v. Sexton, 23 USCMA 101, 48 CMR 662 (1974), the Court of Military Appeals reaffirmed its established position that "an off base sale by one member of the military to another service person has sufficient service connection or military significance to justify court martial jurisdiction." 23 USCMA at 102. That Court, without discussing the constitutional implications of the service connection issue, or the standards set out in Relford v. Disciplinary Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L. Ed.2d 102 (1971) noted that:

"We have consistently held that as to an offense affecting or involving another member of the military services, jurisdiction exists, whether or not the overt circumstances apprised the accused of the fact he was dealing with a military person." 23 USCMA at 102.

The Court of Military Appeals has abruptly let its position be known, leaving no doubts. That position does not appear to recognize the constitutional teachings of O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969) and its successors. The determination of service connection should be made after a particular consideration of the factors set out in *Relford,* and the explicit constitutional values that moti-

vated the *O'Callahan* court. The *Sexton* court peremptorily disposed of the service connection issue: "In any event even if *Councilman* is right (Councilman v. Laird, 481 F.2d 613 (10th Cir. 1973) cert. granted sub nom. Schlesinger v. Councilman, 414 U.S. 1111, 94 S.Ct. 839, 38 L.Ed.2d 737]) in its interpretation of *O'Callahan*, the transaction in this case is still subject to military jurisdiction."

Given the definite position of the Court of Military Appeals on "service connection", the futility exception should be applied here, and military remedies need not be exhausted. "The petitioner cannot properly be required to exhaust a remedy which may not exist." *Parisi*, supra, 405 U.S. at 44, 92 S.Ct. at 821.

## SERVICE CONNECTION

■ O'Callahan v. Parker established the rule that a crime must be service connected to fall within military jurisdiction. The Court was concerned lest the judicial sphere of the military be expanded, and members of the armed services be deprived " . . .. of the benefits of an indictment by a grand jury and a trial by a jury of his peers." 395 U.S. at 273, 89 S.Ct. at 1691.

The Court in *Relford* gave some content to the service connection requirement by listing twelve factors that should be considered when deciding whether an alleged offense is service connected.

The factual setting in the case at bar is nearly identical to that in Councilman v. Laird, supra. The difference is that *Councilman* involved the off base sale of marijuana rather than amphetamines. The Court in *Councilman* found that only one of the twelve of *Relford* factors (#7: "the victim's not being engaged in the performance of any duty relating to the military") had any possible bearing on a finding of service connection. Such also appears to be the case here, because application of

the eleven other *Relford* factors indicates the absence of any service connection.

The *Councilman* court concluded that the other party to the alleged crime was not a victim in the sense contemplated by factor #7. The Court said:

" . . . the opinion in *Relford* does not indicate that the Supreme Court had in mind this type of situation when it referred to a person performing military duties, or to a victim." 481 F.2d at 614

Further:

"We cannot agree that the sale or transfer of marijuana, as we previously said, involved any 'victim,' and it appears that 'service connection' based on this theory is so remote as to be not at all within the meaning of that term as used by the Supreme Court in *O'Callahan* and *Relford*." (Ibid).

The reasons underlying the twelve *Relford* factors appear designed to guarantee the security of persons and property located on a military facility, and the maintenance of order and disciplinary authority in the military command. The factual context of the offense, at issue here, does not appear to involve those recognized concerns of the military.

Petitioner will not escape accountability for the charges against him. However, both *Relford* and *Councilman* indicate that this is the type of case that should be prosecuted in the civilian court system. The right to a trial by an impartial jury, before an independent court must be treated with great respect. Absent a clear satisfaction of the *Relford* service connection standards, these constitutional values require a civilian trial.

The Navy is hereby permanently enjoined from commencing or proceeding with the special court martial of petitioner. This Court, however, takes no position on whether Reed should be released from Navy custody.