UNITED STATES

v.

Airman First Class Larry SMITH, FR 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 47th Organizational Maintenance Squadron 12th Flying Training Wing (ATC).

ACM 21858.

U. S. Air Force Court of Military Review.

12 Sept. 1975.

Appellate counsel for the Accused: Colonel William E. Cordingly, Colonel Jerry E. Conner and Major Bruce R. Houston.

Appellate counsel for the United States: Colonel C. F. Bennett.

## DECISION

LeTARTE, Chief Judge:

The accused stands convicted of five specifications of wrongful disposition of hashish and marihuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The single issue presented for our consideration concerns the adequacy of the staff judge advocate's post-trial review. Appellate defense counsel have filed an affidavit signed by the accused's counsel in which they assert that failure to apprise the convening authority of a pretrial "arrangement" between the accused and the convening authority's staff judge advocate constituted prejudicial error. We disagree.

Counsel's affidavit reflects that in exchange for the accused's agreement to identify certain individuals at Laughlin Air Force Base, Texas, who were "involved in drugs" and to testify against an airman, who was separately charged for conspiring with the accused to transfer hashish, the staff judge advocate agreed to recommend approval of a sentence not exceeding a bad conduct discharge and confinement at hard labor for one year, to be served at the 3320th Retraining Group, Lowry Air Force Base, Colorado.[1]

Following his conviction, the accused was sentenced to be discharged from the service with a bad conduct discharge, to be confined at hard labor for 10 months, to forfeit $100.00 per month for 10 months and to be reduced in grade to airman basic. Thereafter, according to trial defense counsel:

> When the SJA review of the case was prepared, the Randolph [Air Force Base] legal office abided by our agreement and went further to recommend reduction of the period of confinement from 10 months to 8 months, with a recommendation for immediate entry in[to] the [3320th] Retraining Group. With the review in this posture, [defense counsel] was furnished the opportunity to correct or challenge matters discussed in the review in accordance with *U. S. v. Goode*, 23 USCMA 367, 50 CMR 1, 1 M.J. 3 (1975).[2] No challenge was made.

Notwithstanding his staff judge advocate's recommendation, after reducing the forfeitures to $75.00 per month for 10 months, the convening authority approved the sentence as adjudged and designated the United States Disciplinary Barracks, Fort Leavenworth, Kansas, as the place of confinement. Upon learning that the accused had been transferred to the United States Disciplinary Barracks, trial defense counsel submitted their affidavit in which they claim that in addition to recommending that the accused be confined at the 3320th Retraining Group, the staff judge advocate should have apprised the conven-

---

1. Obviously, this agreement did not constitute, nor was it tantamount to, a negotiated plea of the type prohibited at the time by Air Force policy unless first authorized by The Judge Advocate General. Emergency Change, dated 23 January 1975, to paragraph 4–8, Air Force Manual 111–1, Military Justice Guide, dated 2 July 1973.

2. The following mandate was established in *United States v. Goode, supra*:

   [I]t is ordered that on and after May 15, 1975, a copy of the written review required by Article 61 or 65(b), UCMJ, 10 U.S.C. 861 or 865(b), be served on counsel for the accused with an opportunity to correct or challenge any matter he deems erroneous, inadequate or misleading, or on which he otherwise wishes to comment. Proof of such service, together with any such correction, challenge or comment which counsel may make, shall be made a part of the record of proceedings. . . . The failure of counsel for the accused to take advantage of this opportunity within 5 days of said service upon him will normally be deemed a waiver of any error in the review.

ing authority "of the terms of our arrangement. . . ."

 The short answer to trial defense counsel's contention is that they were afforded an opportunity to bring these circumstances to the convening authority's attention, and they neglected to do so. Counsel for the accused should not have anticipated, without justification, that the convening authority would approve his staff judge advocate's recommendations *pro forma.* Instead, when offered the opportunity, they should have submitted comments on those matters they deemed inadequate or misleading in the review. Their failure to take advantage of this opportunity waived the asserted deficiency. *United States v. Goode, supra.*[3]

 However, we find it unnecessary to rely solely upon defense waiver to affirm the accused's conviction. As conceded by defense counsel, the staff judge advocate fully complied with the terms of their agreement. Furthermore, though he did not inform the convening authority of the agreement itself, the staff judge advocate did properly advise that officer, in considerable detail, of the accused's cooperation with the Government. Suffice it to say that we find no inadequacies in the staff judge advocate's review.

The findings of guilty and the sentence are

Affirmed.

EARLY and ORSER, Judges, concur.

---

**3.** The *Goode* mandate was intended to eliminate the precise type of error asserted in this case. Our reliance upon the *Goode* waiver provision is appropriate since the convening authority's action was taken after 15 May 1975.