UNITED STATES

v.

Airman First Class Larry SMITH, FR 243–92–2702, 47th Organizational Maintenance Squadron, 12th Flying Training Wing (ATC).

ACM 21858 (f. rev.).

U. S. Air Force Court of Military Review.

Sentence Adjudged 23 April 1975.

Decided 22 Oct. 1976.

Appellate Counsel for the Accused: Colonel William E. Cordingly, Colonel Jerry E. Conner, Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel C. F. Bennett and Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

DECISION UPON FURTHER REVIEW

LeTARTE, Chief Judge:

In our original decision, *United States v. Smith,* 51 C.M.R. 237, 1 M.J. 542 (A.F.C.M.R. 12 September 1975), we affirmed the findings of guilty and the sentence. Thereafter, the United States Court of Military Appeals vacated our decision and remanded the record of trial to us with instructions to hold further proceedings in abeyance pending its disposition of the issue granted in *United States v. McCarthy,* 2 M.J. 26 (24 September 1976).

In *McCarthy,* supra, the Court found that the accused's offense of "wrongfully transferring 3 pounds of marihuana to a fellow soldier 'just outside' gate 3 of Fort Campbell, Kentucky," was "service connected as that term was explained in *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969)." In arriving at this finding, the Court examined the 12 criteria for measuring service connection, as outlined in *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), and concluded that four *Relford* factors weighed in favor of the military exercising its jurisdiction in the case. Moreover, the Court iterated that in resolving service-connection issues, the *Relford* criteria must be thoroughly analyzed and carefully balanced "to determine 'whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can

be vindicated adequately in civilian courts.' *Schlesinger v. Councilman,* 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975)."

Here, the accused was convicted of five drug offenses involving the wrongful sale, transfer and possession of hashish. All of the offenses were committed in the civilian community "near Laughlin Air Force Base, Texas." Three of the offenses, sale, possession and transfer of hashish on 11 February 1975 (Specifications 1, 2 and 4 of Charge II), were considered multiplicious for sentencing purposes. Those remaining, sale and possession of hashish on 28 February 1975 (Specifications 3 and 5 of Charge II), were tried as separate offenses.

The operative facts indicate that sometime prior to 11 February, the accused and Sergeant Riley, who were then working together on base as barracks "CQ's," entered into a discussion concerning the availability of "pot, marijuana and 'hash.'" The accused indicated that Sergeant Felton had such drugs but that Riley could not obtain them directly from Felton. Instead, they would have to be purchased "through another source," the accused.

Subsequently, on 11 February, the accused drove Riley from on base to his off-base quarters where Riley purchased one gram of hashish for $7.00. Again, on 28 February, the accused and Riley drove to the accused's house where Riley gave Felton $25.00 for five grams of hashish.[1] Later in the day, the accused's house was searched resulting in the discovery of approximately two ounces of hashish.

■ Examination of the *Relford* criteria convinces us that the military properly ex-

ercised its jurisdiction over the offenses. Because of their multiplicity aspect, the 11 February crimes constituted but one offense, "transfer"[2] of hashish to another serviceman. With respect to this offense and the 28 February sale of hashish, five *Relford* factors demonstrate service connection:

1. The criminal intent to commit these offenses was formed on base.

2. There was a substantial connection between the accused's and Riley's military duties and the offenses.

3. Both the accused and Riley were engaged in the performance of military duties at the time the crimes were first discussed.

4. The crimes constituted a flouting of military authority.

5. Selling and transferring hashish to a serviceman[3] constituted a threat to military personnel and the military community itself.

See *United States v. McCarthy,* supra; *United States v. Sexton,* 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974).

■ Admittedly, examination of the *Relford* criteria does not so readily reveal factors supporting the exercise of military jurisdiction over the possession offenses. Nevertheless, in our opinion, such misconduct, whether committed on or off-base, is of such singular military significance as to inherently satisfy the *Relford* criteria for measuring service-connected crimes. *United States v. DeRonde,* 18 U.S.C.M.A. 575, 40 C.M.R. 287 (1969); *United States v. Beeker,* 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969).[4]

There is authority for the proposition that off-base possession of drugs is detri-

---

1. The accused's culpability in this crime was based upon his liability as a principal. Manual for Courts-Martial, 1969 (Rev.), paragraph 156.

2. As so characterized by the military judge during his inquiry into the accused's guilt-in-fact.

3. We reach this conclusion despite the fact that Riley was not a "victim" within the *Relford* meaning since his participation in the crimes was supervised by an agent of the Office of Special Investigations.

4. But see *Cole v. Laird,* 468 F.2d 829 (5th Cir. 1972), where the Court held that off-post possession and use of a small amount of marihuana was not service connected; *Councilman v. Laird,* 481 F.2d 613 (10th Cir. 1973) (off-base possession and transfer of marihuana to serviceman acting for Army Criminal Investigation Division held not service connected), reversed on other grounds, *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

mental to the health, morale and fitness for duty of servicemen and thus relates to a matter that is clearly service connected. See *United States v. Castro,* 18 U.S.C.M.A. 598, 40 C.M.R. 310, 312 (1969) (off-base possession of barbiturates). Certainly, the offense involves a flouting of military authority since such drug abuse, like homosexuality, is incompatible with Air Force standards and may provide, in and of itself, the basis for the offender's involuntary discharge from the military service.[5] For this reason, we believe there existed an "overriding" military interest in prosecuting the offense. See *United States v. McCarthy,* supra. Accordingly, we find that off-base possession of hashish is a service-connected crime within the meaning of *O'Callahan v. Parker,* supra, and *Relford v. Commandant,* supra.

■ Appellate defense counsel have also alleged:

THE APPELLANT'S PLEAS OF GUILTY WERE IMPROVIDENT BECAUSE OF A SUBSTANTIAL MISUNDERSTANDING AS TO THE MAXIMUM PUNISHMENT.

See *United States v. Courtney,* 24 U.S.C. M.A. 280, 51 C.M.R. 796, 1 M.J. 438 (1976); and *United States v. Harden,* 24 U.S.C.M.A. 76, 51 C.M.R. 249, 1 M.J. 258 (1976). For the reasons stated in *United States v. De La Fuente,* 2 M.J. 668 (A.F.C.M.R. 16 September 1976), we perceive no merit in this assignment of error.

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Senior Judge, and FORAY, Judge, concur.

---

5. Air Force Regulation 30–2, Social Actions Program, 1 August 1974, paragraphs 4–32 and 4–39.