## UNITED STATES

v.

**Sergeant Theodore N. ALDRICH, FR 264–15–6004, Wilford Hall United States Air Force Medical Center, Air Force Military Training Center (ATC).**

**ACM 21904 (f. rev.).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 1 July 1975.

Decided 9 Nov. 1976.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Marc G. Denkinger, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before LeTARTE, EARLY and FORAY, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

PER CURIAM:

In our original, unpublished decision in this case, dated 26 November 1975, we affirmed the findings of guilty and the sentence. Thereafter, the United States Court of Military Appeals vacated our decision and remanded the record of trial to us with instructions to hold further proceedings in abeyance pending the Court's resolution of the issue granted in *United States v. McCarthy*, 2 M.J. 26 (24 September 1976).

In *McCarthy*, the Court found that the offense of "wrongfully transferring 3 pounds of marihuana to a fellow soldier 'just outside' gate 3 of Fort Campbell, Kentucky," was "service connected as that term was explained in *O'Callahan v. Parker*, 395 U.S. 258 [89 S.Ct. 1683, 23 L.Ed.2d 291] (1969)." The Court arrived at this finding after balancing the criteria set forth in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), for measuring service connection and iterated that a detailed, thorough analysis of the *Relford* factors must be made in each case involving service connection issues "to determine 'whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts.'" *United States v. McCarthy*, supra, quoting *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

Here, the accused was convicted of conspiracy to sell marihuana, wrongful possession of marihuana and wrongful sale of marihuana. All the offenses occurred off base. The relevant circumstances reveal that during a period of several months in 1973, on approximately six occasions, the accused sold marihuana in one pound lots to a serviceman who the accused knew "had been dealing in lids." Sometime thereafter, the accused entered into an agreement with another serviceman to transport and sell marihuana. That this venture was lucrative is illustrated by the fact that their "[p]rofits averaged approximately $100.00 per week for approximately the five months they were in business together." On 15 January 1975, pursuant to their agreement, the accused and his partner sold three pounds of marihuana to a serviceman. This incident was alleged as the overt act of the conspiracy. Finally, on 10 May 1975, the accused's room was searched and approximately .09 grams of marihuana was discovered in the accused's suitcase and a shirt pocket.

■ Having examined these facts in light of the *Relford* criteria, we are satisfied that the military properly exercised its jurisdiction over two of the offenses in issue. The off base sale of large quantities of marihuana to a serviceman known by the accused to be involved in selling the substance to others clearly demonstrates that the military's interest in the offense was pervasive since the most likely recipient of the contraband would be servicemen on base. *United States v. McCarthy*, supra. See also *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974); *Rainville v. Lee*, 22 U.S.C.M.A. 464, 47 C.M.R. 554 (1973). Similarly, the conspiracy offense was service connected since it contemplated sales of marihuana to servicemen and, in fact, the overt act consisted of the sale of a large quantity of the substance to a serviceman.

■ However, with respect to the possession offense, we find little basis for the exercise of military jurisdiction over the crime. The substance seized constituted but a trace of marihuana, apparently an insufficient amount for future use. Although this Court has held that off base possession of marihuana (hashish) is an offense in which the military has an overriding interest, our conclusion has been premised upon the fact that the offender possessed sufficient quantities of the substance to permit subsequent illegal disposition thereof in a manner detrimental to the military community.[1] That situation simply does not exist here.

We perceive no merit in the supplemental assignment of error submitted by appellate defense counsel.

For the reasons stated, the findings of guilty of the Charge and its specification (conspiracy), and Specification 2 of the Additional Charge (wrongful sale) are correct in law and fact. The finding of guilty of Specification 1 of the Additional Charge is hereby set aside and the charge is dismissed.

---

1. *United States v. Smith*, 2 M.J. 1235 (A.F.C. M.R. 22 October 1976), citing *United States v.* *Castro*, 18 U.S.C.M.A. 598, 40 C.M.R. 310, 312 (1969).

**702**

Having reassessed the sentence on the basis of the remaining offenses herein affirmed, we find only so much thereof appropriate as provides for bad conduct discharge, confinement at hard labor for 18 months, forfeiture of $240.00 per month for 18 months and reduction in grade to airman basic.[2]

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

UNITED STATES

v.

**Airman Basic Raymond D. FULLER, FR 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 4787th Material Squadron Aerospace Defense Command.**

**ACM S24408.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 March 1976.

Decided 9 Nov. 1976.

Appellate Counsel for the Accused: Colonel Jerry E. Conner, Colonel Robert W. Norris and Captain Gary C. Smallridge.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr. and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

2. The approved sentence provided for bad conduct discharge, total forfeitures for 18 months, confinement at hard labor for 18 months and reduction in grade to airman basic. However, on 9 April 1976, the Commander, Lowry Technical Training Center, Lowry Air Force Base, Colorado, suspended the bad conduct discharge and remaining confinement until 8 December 1976. He also remitted the remaining forfeitures.