724

**UNITED STATES**

v.

Airman First Class Robert E. SCHOCK-EN, FR 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, 438th Transportation Squadron, Twenty-First Air Force (MAC).

**ACM S24197 (f. rev.).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 26 March 1975.

Decided 30 Nov. 1976.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

### DECISION UPON FURTHER REVIEW

HERMAN, Judge:

In our original decision in this case, *United States v. Schocken*, 51 C.M.R. 126, 1 M.J. 511 (A.F.C.M.R.1975), we affirmed the findings of guilty and the sentence, wherein the accused pleaded guilty to two offenses of possession of marihuana (one on-base and one off-base), and one of larceny. In an order dated 6 February 1976, the Court of Military Appeals vacated our decision and remanded the record of trial to this Court, directing us to hold further proceedings in abeyance pending the disposition of the case of *United States v. McCarthy*, which was decided recently, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976).

The off-base marihuana possession offense in this case (Specification 2 of Charge I) occurred when the accused surrendered ten baggies of the substance to Office of Special Investigations personnel, subsequent to an interview which took place at the accused's residence. Notwithstanding government counsel's concession of error, we find proper the exercise of military jurisdiction over that offense, and reaffirm our previous decision in all respects.

That the accused possessed a usable or transferable quantity of marihuana, coupled with a manifested propensity to transport the substance onto a military installation is sufficient for us to find a distinct threat to the military community and

a flouting of military authority. *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); see also *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); *Gosa v. Mayden*, 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973). Moreover, we cannot ignore the fact that in Specification 1 of Charge I the accused was found guilty of possession of two pounds of marihuana on the military installation to which he was assigned.[1] Although this offense occurred 40 days before the off-base possession in question, we find it to be distinctly relevant in determining the extent of the threat to the military installation presented by the accused's subsequent offense. Thus, we may infer the likelihood that this marihuana as well would have eventually found its way on the base. Further, although we do not rely upon this rationale in upholding the exercise of jurisdiction, we reiterate the implication of the several opinions in *Gosa v. Mayden, supra*, that if a serviceman is properly before a court-martial on charges alleging a clearly service-connected offense, he may also be tried for a nonservice-connected offense. *United States v. Rock*, 49 C.M.R. 235 (A.F.C.M.R.1974), pet. denied (23 Dec. 1974). In this case, the off-base possession of marihuana is sufficiently service-connected to provide a proper exercise of military jurisdiction. See also *Rainville v. Lee*, 22 U.S.C.M.A. 464, 47 C.M.R. 554 (1973); *United States v. Batson*, 2 M.J. 716 No. 21825 (f. rev.), (A.F.C.M.R. 24 Nov. 1976); *United States v. Murphy*, 2 M.J. 704 No. 21960 (f. rev.), (A.F.C.M.R. 10 Nov. 1976); *United States v. Coker*, 2 M.J. 304 (A.F.C.M.R. 29 Oct. 1976); *United States v. Smith*, 1 M.J. 542 No. 21858 (f. rev.), (A.F.C.M.R. 22 Oct. 1976). Compare *United States v. Aldrich*, 2 M.J. 700 No. 21904 (f. rev.), (A.F.C.M.R. 9 Nov. 1976) (unusable trace of marihuana found in possession of accused off-base).

For the foregoing reasons, the findings of guilty and the sentence are, once again,

AFFIRMED.

BUEHLER, Senior Judge, and ORSER, Judge, concur.

---

1. Although not necessary to support the exercise of military jurisdiction over Specification 2 of Charge I it is noteworthy that the accused was punished under Article 15, Uniform Code of Military Justice, for on-base possession of marihuana at another Air Force installation eight months before this offense.