## UNITED STATES

v.

**Airman Daniel R. CHASTAIN, FR 575–62–9806 3415th Supply Squadron Lowry Technical Training Center (ATC).**

**ACM 21905 (f rev).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 24 June 1975.

Decided 27 Dec. 1976.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Marc G. Denkinger, USAFR.

Appellate Counsel for the United States: Colonel Julius C. Ulkerich, Jr.

Before LeTARTE, C. J., EARLY, Senior Judge, and FORAY, J.

## DECISION UPON FURTHER REVIEW

EARLY, Senior Judge:

Tried by general court-martial, military judge alone, the accused was convicted, pursuant to his pleas of 12 specifications alleging possession of marijuana, cocaine, and Lysergic Acid Diethylamide (LSD), use of cocaine, sales of cocaine, marijuana and LSD to fellow airmen, and conspiracy to escape from lawful confinement, in violation of Articles 92 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 881. The approved sentence extends to a bad conduct discharge, confinement at hard labor for 18 months, forfeiture of $229.00 per month for 12 months and reduction to airman basic. However, that portion of the sentence in excess of a bad conduct discharge, confinement at hard labor for 12 months, forfeiture of $229.00 per month for 12 months and reduction to the grade of E–2 was suspended.[1]

This case was originally submitted to us on the merits, and, by per curiam opinion dated 7 November 1975, we affirmed the findings of guilty and the sentence. However, on 6 February 1976, by order, the Court of Military Appeals vacated our decision and remanded the record of trial with directions to hold further proceedings in abeyance pending the disposition of the issue granted in *United States v. McCarthy*. *McCarthy* having been decided on 24 September 1976, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976), the case is again before us for decision.

The gist of the *McCarthy* decision is that in establishing the service-connection of off-base drug offenses, the 12 criteria set forth in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), must be utilized to determine "whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and whether the distinct military interest can be vindicated adequately in civilian courts." *United States v. McCarthy*, supra, 2 M.J. at 28, quoting *Schlesinger v. Councilman*, 420 U.S. 738,

---

1. The accused has served his sentence and is presently on excess leave.

760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975).

Appellate defense counsel contend that the 11 specifications alleging possession, use and sale of drugs which occurred off-base are not service-connected in terms of the *Relford* criteria as set forth in *McCarthy,* supra.[2] We disagree.

■ This court has held that the off-base possession of harmful drugs, under circumstances indicating that the accused had a purpose of use or transfer, is service-connected. *United States v. Smith,* No. 21858 (f. rev.), 2 M.J. 1235 (A.F.C.M.R. 22 Oct. 1976); *United States v. Alef,* 54 C.M.R. 480, 2 M.J. 317 (A.F.C.M.R.1976); *United States v. Batson,* 54 C.M.R. 488, 2 M.J. 716 (A. F.C.M.R.1976); *United States v. Tinley,* 54 C.M.R. 255, 2 M.J. 694 (A.F.C.M.R.1976). Here, the evidence clearly shows that the accused was actively selling drugs to fellow servicemen. As we said in *Tinley,* supra:

> The military interest in eradicating the drug threat to its mission accomplishment is a peculiar one, and "a matter in which the military interest is obviously greater and distinct from the civilian interest and one where the distinct military interest cannot be adequately vindicated in civilian courts. *Schlesinger v. Councilman,* supra."

We have also held the transfer or sale of dangerous drugs by one serviceman to another to be service-connected even though the transfer occurs off-base. See *United States v. Campbell,* 54 C.M.R. 447, 2 M.J. 689 (A.F.C.M.R.1976) and cases cited therein; *United States v. Murphy,* 54 C.M.R. 454, 2 M.J. 704 (A.F.C.M.R.1976). As was held in *Peterson v. Goodwin,* 512 F.2d 479, 480 (5th Cir. 1975), cert. denied, 423 U.S. 931, 96 S.Ct. 282, 46 L.Ed.2d 260 (1976):

> Heroin addiction presents a serious threat to the good order and discipline of our armed forces. A court-martial has power to deal with that threat. We hold that sale of heroin by one airman to another is

sufficiently related to the functioning of the armed forces for a court-martial to acquire jurisdiction over the offense and the offenders, notwithstanding the attenuating circumstances that at the time of sale both airmen were off base, off duty, and out of uniform.

While addressing itself specifically to heroin, we believe the same rationale would apply to the drugs involved in the instant case.

■ Further, the use of cocaine by the accused is service-connected even though it occurred off-base. That act constitutes a flouting of military authority and a threat to the military base. See *Relford,* supra; *United States v. Coker,* 2 M.J. 304 (A.F. C.M.R. 29 Oct. 1976). The mere fact that the accused chose to indulge his illegal drug pursuits off rather than on-base does not in any way vitiate the effect of such drug usage on his ability to perform his military duties upon call. Merely being out of uniform and off post does not make a serviceman "off duty" since he is always subject to recall. As we held in *United States v. Campbell,* 2 M.J. 689 (A.F.C.M.R. 19 Oct. 1976):

> Whatever might have been the ultimate result had the accused been tried in civilian courts, the military interest in eradicating transfers of drugs between servicemen is far different from the civilian interest in controlling the drug problems in society. It is obvious that the ability of the civilian community to tolerate drug abuse is considerably different from the military. Indeed, with the possible exception of police and firemen, there is no exact counterpart to the requirement that servicemen be physically capable of responding at any time to a recall to duty. This peculiarity of the offense in relation to the military way of life is, in our opinion, the very nature of the "service connection" alluded to in *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), and defined in *Relford,* supra.

---

2. Appellate defense counsel apparently concede jurisdiction over the specification alleging the sale of LSD to another airman which occurred on base.

We believe that the effective functioning of the armed services requires that the military have control over drug usage by its members. To leave this responsibility to civilian law enforcement agencies would be antithetical to effective control and would leave the military at the mercy of varying levels of enforcement and varying degrees of punishment, depending upon the jurisdiction involved. The net result would be a lessening of discipline, and, eventually, an erosion of the ability of the military to perform its historic mission. We must not ignore the unique responsibilities thrust upon a citizen when he becomes a part of the military organization. That he must, perforce, refrain from drug usage in order to perform his part of the overall military mission is certainly not an onerous burden, nor necessarily a derogation of his constitutional rights. It is simply a higher standard to which he must adhere. This is a service-connected offense, and the exercise of military jurisdiction is "appropriate." See *Gosa v. Mayden,* 413 U.S. 665, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973).

Another matter, though not raised before this court, does require our attention. We note that Specifications 1, 2 and 3 of Charge I allege possession of marijuana, cocaine and LSD. These three drugs were found in the accused's off-base residence during a search by civilian police officers. These three specifications were considered as separate for punishment by the trial participants and the convening authority. Since that time, however, the Court of Military Appeals has ruled that simultaneous possession of several drugs in the same place and time frame are multiplicious for sentencing purposes. Hence reassessment of the sentence is necessary. *United States v. Hughes,* 24 U.S.C.M.A. 169, 51 C.M.R. 388, 1 M.J. 346 (1976); *United States v. Mosely and Sweisford,* 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976). Reassessing the sentence in light of the multiplicity of Specifications 1, 2 and 3 of Charge I, we find it nonetheless appropriate.

The findings of guilty and the sentence are

AFFIRMED.

LeTARTE, Chief Judge, and FORAY, Judge, concur.