UNITED STATES

v.

**Airman Verne C. O'NEILL, FR 263–39–3459 351st Civil Engineering Squadron Eighth Air Force (SAC).**

**ACM S24500 (reh).**

U. S. Air Force Court of Military Review.

15 July 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Captain Thomas S. Markiewicz.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION UPON REHEARING

HERMAN, Judge:

A denial of effective assistance of counsel at the investigation under Article 32, Uniform Code of Military Justice, 10 U.S.C. § 832, resulted in this Court's setting aside findings and sentence when we first reviewed this case. *United States v. O'Neill*, No. S24500 (unpublished) (A.F.C.M.R. 23 December 1976). At a new trial by military judge sitting as a special court-martial, the accused was convicted, in accordance with his pleas, of eight specifications variously alleging sale, transfer, possession, and use of marihuana in Knob Noster, Missouri. The trial judge sentenced him to a bad conduct discharge, confinement at hard labor for 130 days, forfeiture of $240.00 per month for two months and reduction to airman basic.

■ Appellate defense counsel urge that the court "lacked jurisdiction"[1] over these offenses since all were committed beyond the confines of a military installation. *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976). We agree, in part, with this assertion. Specifications 1 and 2 allege possession and use of marihuana on 31 January 1976, at a fellow airman's off-base residence. There is nothing in the evidence to distinguish these acts from those described in *United States v. Williams*, 25 U.S.C.M.A. 176, 54 C.M.R. 284, 2 M.J. 81 (1976), a case of hashish possession, in which Chief Judge Fletcher reasoned:

> . . . No information was presented either to the issuing magistrate or the trial court that the appellant had either used, purchased, introduced, or sold the

1. We take this to mean the court improperly exercised jurisdiction over the offenses. *Gosa v. Mayden*, 413 U.S. 665, 677, 93 S.Ct. 2926, 37 L.Ed.2d 873 (1973); *United States v. Batson*, 54 C.M.R. 488, 2 M.J. 716 (A.F.C.M.R.1976).

hashish on a military installation. In fact, the evidence of record supports but one conclusion, that the appellant purchased the hashish in the civilian community for his personal off-post, off-duty use.

\*　　\*　　\*　　\*　　\*　　\*

The off-post, off-duty use of hashish by a serviceman standing alone is simply not enough [to support the exercise of court-martial jurisdiction].

2 M.J. at 82. We find Williams directly in point, i. e., the exercise of jurisdiction by court-martial was improper.

■ Specifications 4, 5 and 7 allege transfer or sale of marihuana to known members of the United States Air Force at various times during February and March 1976. We have consistently held that the sale or transfer of marihuana to fellow servicemembers is service-connected. *United States v. Bender* (f. rev.), 54 C.M.R. 788, 2 M.J. 738 (A.F.C.M.R.1977); *United States v. Aldrich* (f. rev.), 54 C.M.R. 268, 2 M.J. 700 (A.F.C.M.R.1976); *United States v. Artis*, No. 22028 (f. rev.), 2 M.J. 692 *States v. Smith*, No. 21858 (f. rev.), 2 M.J. 1235 (A.F.C.M.R. 22 October 1976).[2] It follows that possession of marihuana with a purpose to sell or transfer to servicemembers creates a similar threat to the military community. Possession for such purposes is far different from the simple possession for personal use exemplified in *United States v. Williams*, supra. The evidence presented for Specifications 6 and 9, alleging possession of marihuana, clearly established that the accused possessed a number of packages of the substance in plastic baggies. It further showed the sale to a servicemember on one of those occasions, and to an airman posing as the girl friend of that servicemem-

ber on the other date.[3] Such willingness of the accused to sell to servicemen is sufficiently threatening, two miles from the base, to supply the pervading interest to prosecute in the military. *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); *United States v. McCarthy*, supra at 29; *United States v. Chastain* (f. rev.), 54 C.M.R. 765, 2 M.J. 735 (A.F.C.M.R.1976).

In sum, we find the exercise of jurisdiction by the military service in the sale, transfer and remaining possession offenses to be entirely proper.

■ We agree with appellate defense counsel that the convening authority was erroneously advised in the post-trial review of the staff judge advocate of a substantially higher maximum punishment than was available to the trial court. *United States v. Stockman*, 51 C.M.R. 604, 1 M.J. 757 (A.F.C.M.R. 1975). We shall correct this error in our reassessment of the sentence. All other assertions of appellate defense counsel and of the accused in his request for appellate counsel are without merit.

For the foregoing reasons, the findings of guilty of Specifications 1 and 2 of the Charge are set aside and are hereby dismissed. Reassessing the sentence for the remaining offenses of which the accused has been convicted, and in the light of the error in the post-trial review, and the seriousness of the remaining offenses, we find only so much of the sentence appropriate as provides for bad conduct discharge, confinement at hard labor for three months, forfeiture of $200.00 per month for two months, and reduction to airman basic.

The findings of guilty and the sentence, both as modified herein, are

AFFIRMED.

---

**2.** The Court of Military Appeals has granted petitions for review in the *Bender, Artis,* and *Smith* cases.

**3.** The accused denied selling marihuana to the purported girl friend, admitting, however, that he sold the substance to the informant; the court-martial convicted him of the offense

charged, but the reviewing authority disapproved the finding because the regulation violated was not offered to the court, nor was a request made that judicial notice be taken thereof. *United States v. Williams,* 3 M.J. 155 (C.M.A. 1977).