UNITED STATES

v.

Private First Class Paula K. KELLY, 451–80–0191, U. S. Army, Headquarters and Headquarters Detachment, 541st Maintenance Battalion, Fort Riley, Kansas.

SPCM 11569.

U. S. Army Court of Military Review.

Sentence Adjudged 17 July 1975.

Decided 1 Nov. 1976.

Appellate Counsel for the Accused: CPT Steven J. McAuliffe, JAGC; CPT Lawrence E. Wzorek, JAGC; LTC James Kucera, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Russell S. Estey, JAGC; CPT Lee D. Schinasi, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

OPINION ON FURTHER
CONSIDERATION

O'DONNELL, Judge:

The appellant was convicted of possessing and selling 56.09 grams of marihuana and tetrahydrocannabinol in Junction City, Kansas, in violation of Article 92 of the Uniform Code of Military Justice, 10 U.S.C. § 892. She was sentenced to be discharged from the service with a bad-conduct discharge, to forfeit $200.00 pay per month for five months, to be confined at hard labor for five months, and to be reduced to the lowest enlisted grade. The convening authority reduced the confinement to 61 days and the duration of the forfeitures to two

months and otherwise approved the sentence.

■ The appellant contends before us that the court lacked jurisdiction because the offenses were not service connected as required by O'Callahan v. Parker, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). We disagree.

The question was not litigated at trial, but the record is adequate for us to resolve the jurisdictional issue. See United States v. McCarthy, 2 M.J. 26 (September 24, 1976). The pertinent facts may be briefly summarized. The appellant was a clerk in the unit message center. During duty hours, she approached Private First Class Abel DeLeon in the message center and asked him if he knew anyone who wanted to buy marihuana. Unbeknownst to the appellant, DeLeon was an informant for the local CID. Following instructions from the CID, DeLeon contacted the appellant and arranged to meet her in nearby Junction City to consummate the transfer. The meeting took place as planned, the sale was made, and the appellant was subsequently apprehended and charged with the offenses now before us.

This case is remarkably similar to McCarthy, supra. In that case a drug transaction was arranged between the accused and a fellow soldier during duty hours on post. The actual transfer, which involved three pounds of marihuana, took place off-post. The Court of Military Appeals found that the existence of the following Relford * factors established an overriding military interest in prosecuting the offense:

1. The formation of the criminal intent for the offense on-post.

2. The substantial connection between the defendant's military duties and the crime.

3. The transferee's being engaged in the performance of military duties, known to the defendant, at the time the agreement to transfer was reached.

4. The threat posed to military personnel, and hence the military community

itself, by the transfer of a substantial quantity of marihuana to a fellow soldier who was a known drug dealer.

The only significant difference between this case and McCarthy is that here the appellant did not sell a substantial quantity to a known drug dealer. Although this factor certainly strengthened McCarthy, its absence does not weaken the instant case. The remaining factors, we believe, provide a sufficient "military interest in deterring the [offense which] is distinct from and greater than that of civilian society." Schlesinger v. Councilman, 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975). In short, the offenses are service connected within the meaning of O'Callahan.

■ Two other matters require brief comment. The appellant's request for trial by military judge alone read: "I have been informed that Major Edwin J. is the military judge detailed. . . ." The last name was left blank. The military judge detailed to the case by appropriate orders was Major Edwin J. Lasner. The request is otherwise complete and accurate in all respects. It is signed by the appellant, the trial counsel, the defense counsel and the military judge.

We are satisfied that the request comports with all of the requirements of Article 16 of the Uniform Code of Military Justice. It is in writing, signed by the appellant and approved by Major Edwin J. Lasner, the presiding judge. The records of this agency reflect that at the time in question there was only one military judge with a first name and middle initial of "Edwin J." and that is Major Edwin J. Lasner. The omission of the last name was only a slip of the pen which went undetected by the parties. We are satisfied that the appellant was aware of the identity of the military judge as required. Accordingly, we find no jurisdictional deficiency.

■ The trial counsel in his argument on sentence urged the judge to consider deterrence in general as well as it relates to the

---

* Relford v. Commandant, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971).

 

individual appellant. This is error. *United States v. Miller*, 24 U.S.C.M.A. 181, 51 C.M.R. 400, 1 M.J. 357 (1976). However, we find no prejudice in view of the relatively lenient sentence approved by the convening authority. *United States v. Mosely*, 24 U.S.C.M.A. 173, 51 C.M.R. 392, 1 M.J. 350 (1976).

The opinion of this Court dated 30 March 1976 is withdrawn. The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge FELD-ER concur.