**UNITED STATES**

v.

**Private First Class Hans L. EDMUND-SON, 238–98–4372, U.S. Army, Battery B, 2d Battalion (Airborne), 321st Field Artillery, 82nd Airborne Division, Fort Bragg, North Carolina 28307.**

**CM 434892.**

U. S. Army Court of Military Review.

Sentence Adjudged 14 April 1976.

Decided 5 Nov. 1976.

---

Appellate Counsel for the Accused: CPT Frank R. Newett, JAGC; CPT John R. Osgood, JAGC; MAJ Joe D. Miller, JAGC; COL Alton H. Harvey, JAGC.

Appellate Counsel for the United States: CPT Laurence M. Huffman, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; COL Thomas H. Davis, JAGC.

## OPINION OF THE COURT

O'DONNELL, Judge:

The appellant was convicted, following his guilty pleas, of two specifications of wrongfully selling phencyclidine in Fayetteville, North Carolina, in violation of Article 92 of the Uniform Code of Military Justice, 10 U.S.C. § 892. The military judge sentenced him to be discharged from the service with a bad-conduct discharge, to forfeit all pay and allowances, to be confined at hard labor for one year and to be reduced to lowest enlisted grade. The convening authority reduced the forfeitures to $150.00 pay per month for twelve months and approved the remainder of the sentence as adjudged.

The appellant contends before us, as he did at trial, that the court-martial lacked subject-matter jurisdiction because the offenses are not service connected as required by *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). We agree.

Briefly, the facts are these. Staff Sergeant Charles E. Joas, an undercover CID agent, on separate occasions purchased 100 tablets and an undisclosed but smaller amount of phencyclidine from the appellant at the latter's off-post apartment in Fayetteville, North Carolina. The sales were made during non-duty hours at a time when the appellant was not performing military duties. Neither the appellant nor Sergeant Joas was wearing a military uniform at the time of the sales. The appellant did not know that Sergeant Joas was a member of the armed forces. No on-post activities took place in connection with the sales. After the appellant was apprehended by military authorities, the local civilian authorities conducted a raid on the appellant's apartment and discovered other narcotics and drug paraphernalia. At the time of his court-martial, the appellant was pending criminal charges in the civilian courts for possession of this contraband.

We recently found jurisdiction in a case involving the off-post sale of marihuana and tetrahydrocannabinol. *United States v. Kelly*, 2 M.J. 1029 (A.C.M.R. November 1, 1976). We found in *Kelly*, as the Court of Military Appeals did in *United States v. McCarthy*, 2 M.J. 26 (September 24, 1976), sufficient factual indicia of service-connection to conclude that the military had an overriding military interest in prosecuting the offenses.[*] In the instant case, there is almost a total absence of such indications. No activities occurred on-post. There was no connection between the appellant's military duties and his crimes. The appellant did not knowingly sell to a fellow soldier and therefore did not intend that the illegal drugs find their way into the military community. The only factor set forth by the Supreme Court in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), that could possibly favor jurisdiction is the transferee's performance of military duties at the time of the offense. However, this consideration is considerably weakened, if not totally nullified, in view of the nature of his duties, viz., undercover criminal investigator. Under the circumstances, we cannot find a sufficient "military interest in deterring the [offenses which] is distinct from and greater than that of civilian society." *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 1314, 43 L.Ed.2d 591 (1975). In this connection, we find it particularly significant that not only were the civilian courts open and available but in fact were prosecuting the appellant for offenses arising from the same criminal conduct. As the

---

[*] See also *United States v. Zorn*, 2 M.J. 1012 (A.C.M.R. 31 October 1976), and *United States v. Burston*, 2 M.J. 1015 (A.C.M.R. 27 October 1976).

offenses in the instant care are not service connected within the meaning of *O'Callahan v. Parker, supra,* reversal is required.

The findings of guilty and the sentence are set aside. The charges are dismissed.

Senior Judge JONES and Judge FELDER concur.