**UNITED STATES, Appellee,**

v.

**Charles W. WILLIAMS, Staff Sergeant, U. S. Air Force, Appellant.**

No. 32,174.

ACM 21946.

U. S. Court of Military Appeals.

Dec. 16, 1976.

*Colonel Jerry E. Conner* and *Major Bruce R. Houston* were on the pleadings for Appellant, Accused.

---

Colonel *Julius C. Ullerich, Jr.*, Major *John A. Cutts, III*, and Captain *Alvin E. Schlechter* were on the pleadings for Appellee, United States.

Opinion of the Court

FLETCHER, Chief Judge:

At his general court-martial, the appellant was found guilty of a single specification of wrongful possession of hashish in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892, and was sentenced to a bad-conduct discharge, confinement at hard labor for 8 months, forfeiture of $100.00 per month for 5 months, and reduction to the grade of airman basic. The convening authority approved the findings and sentence without modification, as did the Air Force Court of Military Review.

This Court granted review of the appellant's case to determine whether the court-martial which tried the appellant lacked jurisdiction over the possession charge; that is, whether the offense is "service connected." *O'Callahan v. Parker*, 395 U.S. 258, 272, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969). We conclude it is not and that, therefore, jurisdiction did not lie in the court-martial to try it.

The hashish in question was found in the appellant's off-post apartment in Grand Forks, North Dakota. The search was conducted jointly by civilian police and Air Force OSI agents utilizing a warrant issued by a District Court judge. The unidentified informant whose tip was the basis for the search [1] had claimed to have seen the hashish in appellant's off-post apartment, and the search of the apartment produced a cutting board, pipes and other paraphernalia for using the hashish. No information was presented either to the issuing magistrate or the trial court that the appellant had either used, purchased, introduced, or sold the hashish on a military installation. In fact, the evidence of record supports but one conclusion, that the appellant purchased the hashish in the civilian community for his personal off-post, off-duty use.[2]

Application of the jurisdictional criteria set forth by the Supreme Court in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), to these facts reveals none supportive of court-martial jurisdiction. *United States v. McCarthy*, 2 M.J. 26 (1976); *United States v. Hedlund*, 2 M.J. 11 (1976). The off-post, off-duty use of hashish by a serviceman standing alone is simply not enough. *United States v. McCarthy, supra*.[3]

---

1. Our resolution of the first granted issue makes it unnecessary to address the second which challenged the sufficiency of the information given to the magistrate prior to the issuance of the search warrant. *See United States v. Scarborough*, 23 U.S.C.M.A. 51, 48 C.M.R. 522 (1974).

2. Judge Cook in his dissent opines that it is "unrealistic" that a user of contraband off post can do so in a manner which does not interfere with his military duties. Implicit in this approach is reliance upon the holding in *United States v. Beeker*, 18 U.S.C.M.A. 563, 40 C.M.R. 275 (1969), expressly rejected in *United States v. McCarthy*, 2 M.J. 26 (1976). Jurisdiction as to a given offense must be proven, not assumed. Should a given serviceman's duty performance or on-post conduct be affected by his off-post use of contraband, there exist adequate sanctions to protect the military interest under the Uniform Code of Military Justice.

Further, Judge Cook's conclusion as to the instant case ignores the evidence of record.

Staff Sergeant Williams had served over 8½ years of unblemished service characterized by the staff judge advocate as "exceptional." The record is replete with clemency recommendations and performance reports stressing his efficiency, industry, and ability. Numerous superiors, both officers and NCO's testified that despite the charge against the appellant, each would willingly have the appellant back in the unit in his same duty station. In light of this evidence it is puzzling to determine the factual basis for the dissent's conclusion of the presence of "service connection."

3. The primary reason for trial by court-martial in this case is perturbing to this Court. The trial defense counsel demonstrated through a letter signed by the staff judge advocate that the appellant was tried by the military because the civilian authorities feared he would only receive a suspended sentence. As was made clear in *United States v. McCarthy, supra*, this was not a proper basis upon which to predicate military jurisdiction.

The decision of the United States Air Force Court of Military Review is reversed. The findings and sentence are set aside, and the charge is ordered dismissed.

Judge PERRY concurs.

COOK, Judge (dissenting):

For the reasons set out in my concurrence in *United States v. McCarthy,* 2 M.J. 26, 29 (1976), and dissent in *United States v. Hedlund,* 2 M.J. 11, 15 (1976), I conclude that an adequate basis was established for the exercise of court-martial jurisdiction.

While the view of the majority in *McCarthy* would not support court-martial jurisdiction under the circumstances of the present case if a sale or transfer were involved, as noted by the majority opinion in this case, the appellant possessed contraband for his own use. To further conclude, as the majority does, such use will be limited to off-base areas and off-duty hours, appears to me to be predicated on an unjustified assumption. A user of contraband is not likely to limit his ingestion of such contraband, and its possible debilitating effects, in a manner which will not interfere with his military duties. To assume an accused will control his use of contraband with such precision is, to me, completely unrealistic. Accordingly, I would hold there is sufficient "service connection"[1] to warrant court-martial jurisdiction.

Although the majority find it unnecessary to address another granted issue involving the validity of a search, my resolution of the jurisdictional question requires further examination of whether the search was based upon probable cause. A search warrant authorizing the search of appellant's off-post apartment was granted by an appropriate civilian judge, and the subsequent search of the apartment revealed a quantity of hashish. The legality of the search was litigated at the trial level and the record reflects the search was authorized upon an affidavit of an agent of the Air Force Office of Special Investigations. The affidavit contains the following:

IV. That your Affiant has received information from a reliable informant, which your Affiant believes to be true; Your Affiant has received information in the past from the above-mentioned reliable informant, and said information has been true and correct;

V. That the said reliable informant has personally observed quantities of hashish in the residence located at 715 North 40th, Gallery Apartments, No. 204–I, City of Grand Forks, State of North Dakota, said residence occupied by one Charles Wesley Williams, within the past 48 hours.

As noted by the Court in *United States v. Scarborough,* 23 U.S.C.M.A. 51, 53, 48 C.M.R. 522, 524 (1974):

When an affidavit is based on information furnished by a so-called reliable informant, it must, to support the issuance of a warrant, apprise the magistrate of the circumstances which led the affiant to believe (1) that the informant was reliable or credible, and (2) that the items sought to be seized were located at the place to be searched. *Aguilar v. Texas,* 378 U.S. 108 [84 S.Ct. 1509, 12 L.Ed.2d 723] (1964); *United States v. Lidle,* [21 U.S.C.M.A. 455, 45 C.M.R. 229 (1972)]. There must be more than just a conclusion of a third party relayed by the affiant to the magistrate. *Spinelli v. United States,* 393 U.S. 410 [89 S.Ct. 584, 21 L.Ed.2d 637] (1969).

The reliability of an informant can be established by apprising the authorizing officer that the informant had previously provided accurate information, and the requirement that an affidavit contain information justifying an informant's conclusion that the contraband is located in a specified area can be satisfied by his personal observation. *United States v. Gurette,* 23 U.S.C.M.A. 281, 49 C.M.R. 530 (1975); *United States v. Gamboa,* 23 U.S.C.M.A. 83, 48

---

1. *O'Callahan v. Parker,* 395 U.S. 258, 272, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969).

C.M.R. 591 (1974); *United States v. Scarborough, supra*; *United States v. Smallwood*, 22 U.S.C.M.A. 40, 46 C.M.R. 40 (1972).

In the present case the affiant established the informant's reliability by providing information as to his previous use. Furthermore, the informant's personal observation of the contraband satisfied the second requirement of *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). While the defense submits the second requirement of *Aguilar* was not satisfied because the informant's ability to identify hashish was not established, the standard of proof is probable cause rather than beyond a reasonable doubt. Accordingly, the informant's personal observation was sufficient. *United States v. Gurette, supra*; *United States v. Gamboa, supra*. I would, therefore, affirm the decision of the United States Air Force Court of Military Review.