**UNITED STATES**

v.

Jerry D. BUSBY, 436 92 6214, Corporal E-4, U. S. Marine Corps.

NCM 76 0295.

U. S. Navy Court of Military Review.

15 June 1977.

CAPT Jay C. Keithley, USMC, Appellate Defense Counsel.

CAPT W. D. Blalock, USMCR, Appellate Government Counsel.

Before MURRAY, Senior Judge and MALLERY and GREGORY, Judges.

GREGORY, Judge:

By its order of 4 March 1977, the United States Court of Military Appeals vacated the prior decision of this Court in this case, *United States v. Busby*, No. 76 0295 (NCMR 28 July 1976), and remanded the record of trial for further consideration of the issue of court-martial jurisdiction in light of its subsequent decisions in *United States v. Hedlund*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976), and *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (1976).

Appellant was tried by a general court-martial military judge, sitting alone. Contrary to his pleas, he was convicted of wrongful possession, transfer, and sale of 27.1 grams of marijuana. The pleadings allege that the offenses occurred at an off-base address in Alexandria, Virginia. The evidence of record establishes that appellant sold the marijuana in question to two other Marines, who were operating as undercover agents, at appellant's off-base apartment. Appellant moved at trial to dismiss the Charge and the three specifications as lacking in court-martial jurisdiction. The military judge denied the motion, and subsequent reviewing authorities, as well as this Court, upheld the judge's decision, principally relying on *United States v. Sexton*, 23 U.S.C.M.A. 101, 48 C.M.R. 662 (1974), in which the military status of a purchaser of drugs was considered sufficient service connection to justify court-martial jurisdiction with respect to the sale.

The recent cases of *United States v. Hedlund, supra,* and *United States v. McCarthy, supra,* are the culmination of a series of decisions of the Court of Military Appeals which have completely dispelled this former concept of automatic jurisdiction on the basis of the military status of the "victim" of the offense. Rather, it is now clear that in

order to determine whether an offense committed off-base by a service member is service connected within the meaning of *O'Callahan v. Parker*, 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), and therefore triable by court-martial, the jurisdictional criteria set forth in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), must be carefully weighed. *See United States v. Black*, 24 U.S.C.M.A. 162, 51 C.M.R. 381, 1 M.J. 340 (1976); *United States v. Uhlman*, 24 U.S.C.M.A. 256, 51 C.M.R. 635, 1 M.J. 419 (1976); *United States v. Moore*, 24 U.S. C.M.A. 293, 52 C.M.R. 4, 1 M.J. 448 (1976). Ultimately, the issue turns on gauging the impact of an offense on military discipline and effectiveness, on determining whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and on whether the distinct military interest can be adequately vindicated in a civilian court. *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

An *ad hoc* balancing of the Relford criteria is required. These criteria are:

1. The serviceman's proper absence from the base.

2. The crime's commission away from the base.

3. Its commission at a place not under military control.

4. Its commission within our territorial limits and not in an occupied zone of a foreign country.

5. Its commission in peacetime and its being unrelated to authority stemming from the war powers.

6. The absence of any connection between the defendant's military duties and the crime.

7. The victim's not being engaged in the performance of any duty relating to the military.

8. The presence and availability of a civilian court in which the case can be prosecuted.

9. The absence of any flouting of military authority.

10. The absence of any threat to a military post.

11. The absence of any violation of military property.

. . . . .

12. The offense's being among those traditionally prosecuted in civilian courts. [*Relford v. Commandant, supra*, at 365–366, 91 S.Ct. at 655].

■ Examination of the circumstances of the marijuana transaction in this case *vis-a-vis* the *Relford* criteria indicates very little to support court-martial jurisdiction. At the time of the alleged offense, appellant was off-duty at his off-base apartment, which he shared with a civilian and which was located in Alexandria, Virginia, a considerable distance from the Marine Corps Base at Quantico, Virginia. As noted by appellant, this case differs considerably from that presented in *McCarthy* and even *Sexton*, where substantial on-post arrangement led to an off-post physical transfer of drugs. In the instant case, one of the undercover agents, Lance Corporal Covington, apparently learned of the possible availability of drugs at appellant's off-base apartment while conversing casually with appellant on the base; however, Lance Corporal Covington and appellant apparently made no on-post arrangements for a later off-post transfer [R. 19–21]. At trial, the military judge concurred that trial defense counsel was correct in his contention that there was no "preplanned sale" in this case [R. 26]. In short, the substantial on-post activity, which might be sufficient to justify court-martial jurisdiction, is lacking here.

Further, the offenses in this case occurred in peacetime and had no relation to the war powers. As to the sixth criterion of *Relford*, we detect no connection between the appellant's military duties and the crime. The appellant did not work with either of the undercover agents involved and did not meet them as a result of his military duties. In fact, he met one, Corporal Burns, for the first time at his apartment on the night in question. Appellant apparently had known the other undercover agent, Lance Corporal Covington, several

weeks but their meeting had ostensibly arisen as a result of a mutual interest in vans and not through any connection with appellant's military duties.

As to the seventh criterion, the "victim's" performance of military duties at the time of the offense, we concur with appellant that the performance of clandestine duties by an undercover agent does not fall within the scope and intent of *Relford* and does not militate in favor of court-martial jurisdiction. *See United States v. Edmundson*, 54 C.M.R. 342, 2 M.J. 553 (A.C.M.R.1975). With respect to the eighth and twelfth criteria, jurisdiction over the offenses involved in this case would readily lie within the courts of the Commonwealth of Virginia. It may well be that their nature would not be viewed as seriously in the civilian jurisdiction; however, this is not a determining factor in favor of trial by court-martial. *See United States v. McCarthy, supra*, 25 U.S.C.M.A. at 35, 54 C.M.R. at 35, 2 M.J. at 29; *United States v. Williams*, 25 U.S.C.M.A. 176, 178 n.3, 54 C.M.R. 284, 286 n.3, 2 M.J. 81, 82 n.3 (1976).

The circumstances described in the record of trial also do not establish a flouting of military authority or a violation of military property, as mentioned in the ninth and eleventh *Relford* criteria. As to the tenth criterion, the threat to a military post, we likewise find a void. The record of trial indicates that appellant sold approximately one ounce of marijuana to the two Marine undercover agents, and that he believed this marijuana would be used by one of these Marines and his Marine girlfriend. We are unable to view this small amount of marijuana, apparently intended for personal consumption by two Marines, as constituting any type of threat to a military post. Jurisdiction is a matter to be proven, not presumed. *United States v. Tucker*, 24 U.S.C.M.A. 311, 52 C.M.R. 22, 1 M.J. 463 (1976). The burden of proving jurisdiction, in this instance a threat to the security of a base, was on the prosecution in this case where the question of court-martial jurisdiction was raised at trial. The record of trial does not contain such proof. *Cf. United States v. Williams, supra*.

In summary, the offenses involved in this case appear to have been committed while appellant was blended into the civilian community. *United States v. McCarthy, supra*, 25 U.S.C.M.A. at 35, 54 C.M.R. at 35, 2 M.J. at 29. The offenses occurred while appellant was off-duty and off-base in his own apartment. They took place while a party, attended by both military and civilian persons, was in progress at the apartment. There was very little on-base activity by appellant leading up to these off-base offenses. The "purchasers" of the marijuana were not believed by the appellant to be "pushers", and the amount involved was such that it could likely be considered as intended for individual use. Under these circumstances, we are unable to find a sufficient military interest in deterring these offenses which is distinct and greater than that of civilian society. *Schlesinger v. Councilman, supra*. As such, the charges were not properly subject to trial by court-martial.

Accordingly, the findings of guilty are set aside. The Charge and specifications are dismissed.

Senior Judge MURRAY and Judge MALLERY concur.