CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LT Steven D. Moore, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C. J., and BAUM and GREGORY, JJ.

CEDARBURG, Chief Judge:

Following an adverse determination at trial of the jurisdiction motion renewed on appeal before this Court, appellant entered guilty pleas to 2 specifications of unauthorized absence totaling nearly 10 weeks, alleged as violations of Article 86, UCMJ, 10 U.S.C. § 886, and 3 specifications of violating a lawful general regulation, U. S. Navy Regulations, by possessing 359 grams and by selling and transferring 196 grams of marijuana, alleged as violations of Article 92, UCMJ, 10 U.S.C. § 892. The military judge imposed a bad conduct discharge, confinement at hard labor for 8 months, forfeiture of $250.00 pay per month for 8 months and reduction to E–1. The convening authority pursuant to a pretrial agreement, approved the bad conduct discharge, confinement at hard labor for 6 months,

## UNITED STATES
## v.
## David L. LANDIS, 264 02 1545, Machinery Repairman Fireman Apprentice E–2, U. S. Navy.
## NCM 77 0729.

U. S. Navy Court of Military Review.

21 July 1977.

forfeiture of $249.00 pay per month for 8 months and reduction to pay grade E–1.

Appellant contends on appeal, as he did prior to pleading, that the court-martial lacked jurisdiction over the 3 drug specifications because of an absence of service connection. We agree.

The principal Government evidence on the jurisdiction motion was the testimony of a Navy petty officer engaged in drug undercover duties under the supervision of the Naval Investigative Service (NIS). Along with a civilian NIS agent he was attempting to purchase drugs from sailors suspected of supplying drugs to naval personnel on their ship berthed at the Naval Base, Norfolk, Virginia. These suspects were unable to supply the drugs which were sought but indicated that appellant, who lived next door in a private off-base apartment house, could probably do so. Appellant sold the undercover agents 196 grams of marijuana for $100.00. Another 163 grams were recovered in his possession. The undercover serviceman, before the transfer, identified himself as a sailor to appellant who confirmed that he too was in the Navy, albeit on an "extended leave of absence." Appellant was an unauthorized absentee at the time of the transaction in question. The apartment in which he resided was located 400 to 500 yards from the Naval Amphibious Base, Little Creek, Virginia.

The Government urges that five of the factors supporting service connection spelled out in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), are present in this case.

Government counsel argues that appellant was not properly absent from his military command, urging that this is a factor supporting service connection. We fail to see that an unauthorized absence supplies any indicia of service connection to the usual offense committed off-base. A proper absence from a military installation furnishes some evidence of a lack of service connection. It does so because it tends to establish the absence of a nexus between the accused's military duties and the com-

mission of the offense. An unauthorized absence, except in those offenses bottomed in that very absence or offenses causally flowing from it, furnishes no evidence of a nexus between the accused's military duties and the offense. It appears, absent some particular showing to the contrary, that, as does a proper absence from a military installation, an unauthorized absence tends to show a lack of connection between the military duties of an accused and the commission of an offense.

Government counsel correctly points out that both appellant and the undercover petty officer were service members. That basis alone is insufficient to establish service connection, *United States v. Hedlund*, 25 U.S.C.M.A. 1, 54 C.M.R. 1, 2 M.J. 11 (1976), even factoring in performance of a military duty by the serviceman informant; especially so since the duties were undercover and unknown to the appellant. *See United States v. Edmundson*, 54 C.M.R. 342. 2 M.J. 553 (A.C.M.R.1976). *But see United States v. Busby*, No. 76 0295, 3 M.J. 753 (N.C.M.R. 15 June 1977), and *United States v. Gonzales*, No. 76 0797 (N.C.M.R. 30 September 1976).

The physical transfer of the marijuana took place in an apartment in the civilian community located a short distance from the U. S. Naval Amphibious Base, Little Creek. There was no substantial evidence disclosed in the record to cause appellant to tie the undercover petty officer either objectively or subjectively to an association with that base as a supplier of drugs. From the quantity sold, which appellant was led to believe was to be shared by two persons, and the amount remaining in the possession of the appellant, we cannot conclude that an inference that it posed a threat to the military installation is justified. The evidence is too tenuous and susceptible to other equally reasonable and neutral inferences.

We are unconvinced that the sale of the quantity of marijuana under the circumstances disclosed by the record constitutes a flouting of military authority. Appellant was privately solicited to furnish marijuana

in his off-base apartment by an undercover agent. The authority of the military was only peripherally and indirectly infringed by the transaction.

The crime involved here, one traditionally prosecuted in civilian courts, took place off base with a civilian court available in which the case could have been prosecuted. There was no connection between the appellant's military duties and the crime. None of the integral aspects of the offense took place on base. The threat to the nearby naval amphibious base was not clearly made out or supportable by a rational inference providing substantial assurance of its likelihood. In short, the principal service connection in this case is the military status of both the appellant and the transferee of the marijuana who was performing duties as an undercover agent. An analysis of the jurisdictional criteria enunciated in *Relford v. Commandant, supra,* impels a conclusion that service connection and, hence, jurisdiction were lacking as to the drug offenses in this case.

The findings as to Charge II and the specifications thereunder are set aside and the same are dismissed. The findings as to Charge I and the two specifications thereunder are affirmed. A sentence rehearing is authorized for the affirmed offenses. In the alternative, if a sentence rehearing is deemed impracticable, reassessment and approval of a sentence not to include a bad conduct discharge is authorized.

Judge BAUM and Judge GREGORY concur.