### UNITED STATES

v.

**Richard Doyle STONE, 545 23 7187, Storekeeper Seaman Apprentice (E-2), U. S. Navy.**

NCM 78 0789.

U. S. Navy Court of Military Review.

Sentence Adjudged 19 Dec. 1977.

Decided 24 Nov. 1978.

CAPT Jay C. Keithley, USMC, Appellate Defense Counsel; LT David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LT Richard A. Joyce, JAGC, USNR, Appellate Government Counsel.

Before FERRELL, Senior Judge, and GREGORY and GRANGER, JJ.

GREGORY, Judge:

Pursuant to his pleas, appellant stands convicted of wrongful possession, sale, and transfer of marijuana, in violation of U. S. Navy Regulations and Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. The sentence as approved on review below provides for a bad-conduct discharge (suspended on probation), confinement at hard labor for two months, forfeiture of $265.00 per month for two months, and reduction to pay grade E–1.

Appellant has assigned the following errors before this Court:

I. THE MILITARY JUDGE ERRONE-OUSLY DENIED APPELLANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURIS-DICTION. *SEE UNITED STATES V. McCARTHY*, 2 M.J. 26 (CMA 1976); *UNITED STATES V. BUSBY*, 3 M.J. 753 (NCMR 1977).

II. THE MILITARY JUDGE ERRONE-OUSLY DENIED APPELLANT'S MOTION TO DISMISS FOR LACK OF *IN PERSONAM* JURISDIC-TION. *SEE UNITED STATES V. SPICER*, 3 M.J. 689 (NCMR 1977).

We do not concur in the assignments of error, and we affirm.

I

■ The record of trial indicates that appellant approached another sailor aboard Naval Station, San Diego, California, and inquired whether he wished to go in, as partners, on the purchase of a pound of marijuana. Negotiations between the two continued over the next few days aboard the Naval Station and aboard USS AJAX

(AR–6). The other sailor had contacted the Naval Investigative Service in the meantime. A transaction was finally arranged, and the other sailor and a Naval Investigative Service agent, posing as another prospective buyer, met appellant at Pier 8 aboard the Naval Station and proceeded to appellant's off-base apartment where a sale of 8 ounces of marijuana was consummated.

We easily distinguish the facts of this case from those in *United States v. Busby*, 3 M.J. 753 (N.C.M.R.1977), where none of the arrangements for the drug sale were made aboard the base, the amount involved was very small, and indications were it was intended for personal use. In this case, the offer to sell, the agreement to buy, and all necessary discussions preceding the trip to appellant's apartment were conducted aboard a military installation or aboard a U.S. Navy ship. The events all transpired during duty hours, and the amount of marijuana involved created a reasonable inference of other than personal use.

The facts of this case do not indicate that the transaction occurred while appellant and his purchasers had blended into the general civilian populace. The criteria established in *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971) and *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976), have been satisfied. The military judge correctly denied the motion to dismiss for lack of court-martial jurisdiction over the offense.

## II

■ Appellant also alleges that his court-martial lacked *in personam* jurisdiction. He argues that misconduct on the part of his recruiter produced a fraudulent enlistment.

The record of trial reveals that appellant enlisted in the United States Naval Reserve on 25 May 1976 under the Delayed Entry Program. He was discharged from this Reserve enlistment on 31 May 1976, and on 1 June 1976 he enlisted in the United States Navy and came on active duty. Appellant testified that, prior to his Reserve enlistment, he informed his recruiter that he had used marijuana in the past. Recruiting regulations in effect at that time required a waiver from proper authority prior to enlistment of an applicant who had used marijuana. Paragraph 2–I–8, Navy Recruiting Manual, Enlisted (COMNAVCRUITCOM Instruction 1130.8A). Appellant further testified that, after he disclosed his marijuana use, his recruiter went ahead and entered "no" in the pertinent blocks on the enlistment application and stated: "[W]hatever they don't know won't hurt them." (R. 43). No attempt was made to obtain a waiver. Appellant contends that this recruiter misconduct carried over and infected the subsequent current enlistment in the Regular Navy, during which the offenses involved in this case were committed.

The Government did not attempt to rebut the allegations of misconduct, and the recruiter was not called to testify. Rather, the Government elected to rely on the decision of this Court in *United States v. Cook*, 1 M.J. 682 (N.C.M.R.1975), *pet. denied*, Docket No. 31,611 (USCMA 1 March 1976), in which we discussed the cleansing effect of a subsequent enlistment upon recruiter misconduct in a prior enlistment. We believe the Government's reliance on *Cook* is correct in this instance, in view of the circumstances surrounding the later Regular Navy enlistment.

On cross-examination, appellant testified that, at the time of his Regular enlistment, a different recruiter went over the enlistment application with him and questioned him whether all the answers were true. (R. 45). Appellant stated that he told this second recruiter that all of his answers, including the one concerning marijuana usage, were the truth. (R. 47). An entry to this effect is contained in Section VIII of the enlistment application (Appellate Exhibit VII). We believe these circumstances distinguish this case from the situations we confronted in *United States v. Long*, 5 M.J. 800 (N.C.M.R.1978), and *United States v. Torres*, No. 78 0332 (NCMR 10 August 1978), where the Government had made no effort to rebut allegations of recruiter misconduct in prior Reserve enlist-

ments and, in addition, the records of trial contained no information as to the circumstances that transpired at the time of the later Regular enlistments. Under these circumstances, we determine that the Government had not met its burden of establishing that the subsequent enlistment was not the direct result of the recruiter misconduct involved in the initial enlistment. In the case *sub judice*, however, although we are provided only the appellant's version of what transpired at the time of his Reserve enlistment, we also have the vital information as to what transpired between the second recruiter and appellant at the time of the later Regular enlistment.

■ We have noted several recent cases, similar to *Long* and *Torres* and even this case, where the Government presents a modicum or no evidence to rebut an allegation of recruiter misconduct and chooses instead merely to rely on *United States v. Cook, supra,* and *United States v. Crowe,* No. 77 0552 (N.C.M.R. 22 July 1977), *pet. denied,* 4 M.J. 280 (C.M.A.1978). Other than *Long* and *Torres,* these cases where evidence is lacking have been resolved on other grounds; however, we must caution prosecutors that they are not to read more into *Cook* and *Crowe* than was intended, and that a subsequent enlistment does not provide an automatic and complete cleansing effect on recruiter misconduct in an earlier enlistment. The burden is still on the Government to establish that the passage of time or other circumstances have removed the influence of the recruiter misconduct on the subsequent enlistment.

In *United States v. Cook, supra,* Senior Judge Evans noted, "Each enlistment contract is considered as a separate transaction and the facts surrounding each must be separately evaluated." 1 M.J. at 686. In the case at hand, appellant's account of the actions of the first recruiter is unchallenged. For this reason, the initial Reserve enlistment must be considered to have been occasioned by recruiter misconduct and to have been void at its inception. *United States v. Russo,* 1 M.J. 134 (C.M.A.1975). On the other hand, the record of trial con-

tains no indication that the first recruiter instructed or advised appellant to lie and to deny his prior use of marijuana if questioned at the time of his Regular enlistment and entry on active duty. In addition, the record of trial establishes that the second recruiter did not blindly rely on the information previously entered on the enlistment application; rather, he questioned appellant and received appellant's assurance that all of the information was correct. Under these circumstances, we find that the recruiter misconduct involved in the initial enlistment was neutralized by the actions of the second recruiter and did not, as in *Long* and *Torres,* "pave the way for entry into the second enlistment."

In summary, we find no evidence of recruiter misconduct as to appellant's current enlistment. For this reason, a change of status from civilian to military was effected by this valid enlistment contract. *See United States v. Cook, supra,* 1 M.J. at 686. The military judge correctly denied the motion to dismiss for lack of *in personam* jurisdiction.

Accordingly, the findings of guilty and the sentence as approved on review below are affirmed.

Senior Judge FERRELL concurs.

GRANGER, Judge (concurring in the result):

I disagree with the majority only insofar as they state that appellant's initial enlistment was void because of recruiter misconduct. For the reasons stated in my dissent in *United States v. Robbins,* 7 M.J. 618 (N.C.M.R.1978), I do not consider appellant's first enlistment void.