UNITED STATES, Appellee,

v.

Michael A. McCOLLUM, Specialist Four,
U. S. Army, Appellant.

No. 34,395.
CM 435283.

U. S. Court of Military Appeals.

Feb. 20, 1979.

Appearances: For Appellant—*Colonel Robert B. Clarke* (on brief); *Lieutenant Colonel John R. Thornock* (on brief); *Major Benjamin A. Sims*; *Captain Richard E. Schmidt* (on brief); *Captain John E. Caulking* (on brief).

For Appellee—*Colonel Thomas H. Davis* (on brief); *Lieutenant Colonel R. R. Boller* (on brief); *Captain Lee D. Schinasi* (on brief); *Captain Gregory B. English* (on brief); *Captain Michael J. Hurley.*

Opinion of the Court

PER CURIAM.

Buck, a military drug informant, contacted Holloway on base in the attempt to purchase drugs. Three days later, in order to consummate this transaction, Holloway approached the appellant, asking him to obtain drugs for him from Jackson, another soldier known to be a drug dealer. A purchase agreement with Jackson was arranged telephonically by the appellant. That same evening Buck, Holloway and the appellant met in the barracks and proceeded to two locations off-base where money was given appellant by the informant in one location and then drugs obtained from Jackson were given Buck in another location by the appellant.

The record of trial leaves little doubt that conspiracies between appellant and Holloway and between Holloway and Buck were respectively formulated on base to wrongfully possess and sell marihuana. However, the charge successfully prosecuted[1] here was not conspiracy but wrongful possession

---

1. The appellant was found guilty of a violation of the Uniform Code of Military Justice, Article 134, 10 U.S.C. § 934, and sentenced to a bad conduct discharge forfeiture of $100 pay per month for 8 months, confinement at hard labor for 8 months and reduction to the lowest pay grade. The sentence approved by the convening authority was affirmed by the United States Army Court of Military Review.

of marihuana by the appellant and sale to the undercover agent Buck, under Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934.[2] Thus, the sites of the charged offenses were off base.

As we apply the jurisdictional criteria of *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), to these pertinent facts, we do not observe "service connection" support for court-martial jurisdiction. *O'Callahan v. Parker*, 395 U.S. 258, 272, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); *United States v. Alef*, 3 M.J. 414 (C.M.A. 1977); *United States v. Sims*, 2 M.J. 109 (C.M.A.1977); *United States v. Williams*, 2 M.J. 81 (C.M.A.1976); *United States v. McCarthy*, 2 M.J. 26 (C.M.A.1976); *United States v. Hedlund*, 2 M.J. 11 (C.M.A.1976); *cf. United States v. Moore*, 1 M.J. 448 (C.M. A.1976).

The decision of the United States Army Court of Military Review is reversed. The findings and sentence are set aside, and the charge is ordered dismissed.

COOK, Judge (dissenting):

I would affirm the decision of the United States Army Court of Military Review. *See* my dissent in *United States v. Alef*, 3 M.J. 414, 421 (C.M.A.1977).

---

**2.** Even had the perimetric facts of this case manifested an agency relationship between Holloway and the appellant and thus a nexus between the conspiracy and the offenses of which the appellant was actually convicted, we, nevertheless, would be unable to find court-martial jurisdiction. Our decisions have indicated that the referred charges set the jurisdictional limits when plans to commit crimes off base are formulated on base. In *United States v. Hedlund*, 2 M.J. 11 (C.M.A.1976), we separated for jurisdictional purposes the offense of conspiracy to commit a particular crime and the substantive offense which was the object of that conspiracy. The majority of this Court continues to follow that concept. *United States v. Williams*, 4 M.J. 336 (C.M.A. 1978).