**UNITED STATES**

v.

**Staff Sergeant Donald R. CHISHOLM, II, FR 033–42–5942 United States Air Force.**

**ACM 22446.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 16 Nov. 1978.

Decided 16 March 1979.

Appellate Counsel for the Accused: Colonel B. Ellis Phillips and Captain Wade B. Morrison.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN, ORSER and ARROWOOD, Appellate Military Judges.

DECISION UPON RECONSIDERATION

ORSER, Judge:

Upon original review of the record of trial in this case, we affirmed the court's findings of guilty of four offenses involving marihuana and the sentence. *United States v. Chisholm*, No. 22446 (AFCMR 9 February 1979) (unpublished). Although the case was submitted on the merits and we did not specifically address the matter of court-martial jurisdiction as to two of the offenses, marihuana sales consummated off base, we were, nevertheless, satisfied the offenses were service connected.

Our decision to reconsider was based on the recent case of *United States v. McCollum*, 6 M.J. 224 (C.M.A.1979). In *McCollum*, the United States Court of Military Appeals found no service connection to support court-martial jurisdiction over off base marihuana sale and possession offenses, despite the fact that initial contact that ultimately led to the offenses occurred on base. Specifically, a military drug informant contacted an individual named Holloway on base in an attempt to purchase drugs. Later, Holloway approached the accused and asked him to obtain drugs from a third soldier known to be a drug supplier. The accused telephonically contacted the drug supplier and a purchase agreement was made. That same date, the accused, informant and Holloway met in the barracks and proceeded off base. The informant gave money to the accused, drugs were then obtained from the supplier and were delivered to the informant at a second off base location.

Despite the *McCollum* decision, we adhere to our original decision of 9 February 1979. The instant record shows that on three occasions during a two week period of time the accused sold marihuana to a military drug informant. The day following the final sale, the accused was apprehended on

base and marihuana was discovered in his possession. The initial sale was on base; the succeeding ones were consummated off base. The stipulated facts disclose that all negotiations for the initial sale were made on Randolph Air Force Base, where the sale occurred. Although the subsequent sales were completed off base, the negotiations therefor occurred on base, involved the same parties and monetary conditions as the first sale, and were further transactions in a continuing business arrangement agreed upon at the time of the initial sale.

In our judgment, the on base status of the "essential underlying negotiations," including formulation of the criminal intent, provides sufficient service connection to justify the exercise of court-martial jurisdiction over both challenged marihuana sales. *United States v. Alef*, 3 M.J. 414, 416, 418 nn. 6 and 12 (C.M.A.1977); *United States v. McCarthy*, 25 U.S.C.M.A. 30, 54 C.M.R. 30, 2 M.J. 26 (C.M.A.1976).

As aptly noted by appellate government counsel, in *United States v. Burston*, 4 M.J. 82 (C.M.A.1977), as well as a number of other cases reported at 4 M.J. 83–90 (C.M.A. 1977), the Court of Military Appeals affirmed convictions involving drug offenses consummated off base, obviously on that same basis. And shortly thereafter, in *United States v. Sandy*, 4 M.J. 102 (C.M.A. 1977), though charges were dismissed for want of jurisdiction, (with Judge Cook dissenting) the Court enunciated the following significant dictum:

> We recognize that in instances of drug sales, transfers and deliveries which occur off post, the fact that all the essential negotiations and criminal intent were formulated on post is critical, and often determinative, in finding military jurisdiction for the offense under *Relford v. Commandant*, 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971); however, this type of analysis is inapplicable in this case. The crime, if any, occurred off post with a civilian "victim" and clearly was "blended into the civilian community." [Footnote omitted]

With appellant government counsel, we do not believe that the determination in *United States v. McCollum, supra*, implicitly signals a rejection of the type of analysis discussed in *Sandy* and *Alef*, and indicated determinative in other cases. Although the factual exposition in *McCollum* is brief and the decision is commensurately succinct, it is apparent that the Court simply determined that the analysis did not apply. Thus, although initial contact between the informant and the accused's intermediary and some preliminary discussions occurred on base, the facts indicate no on base negotiations between the informant and the accused. It further appears that the critical details of the sale were negotiated off base. And, of course, the possession by the accused occurred off base.

In the instant case, by marked contrast, all the critical details of the challenged sales were negotiated on base and were contemplated encores of the initial on base transaction. The off base delivery of the marihuana was in each instance merely incidental to the crucial arrangements made on the military installation. In light of such circumstances, the military community interest in prosecuting the marihuana sale offenses together with the others was paramount. The facts demonstrate a unique military interest that could not be adequately vindicated in civilian courts. *Schlesinger v. Councilman*, 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

The findings of guilty and the sentence are again

AFFIRMED.