UNITED STATES

v.

**Lawrence C. BUCKNER, Jr., 224 82 8997,**
**Ship's Serviceman Seaman (E–3),**
**U. S. Navy.**

**NCM 78 1658.**

U. S. Navy Court of Military Review.

Sentence Adjudged 29 March 1978.

Decided 30 March 1979.

LT Lawrence W. Muschamp, JAGC, USN, Appellate Defense Counsel.

CAPT Craig L. Kemmerer, USMCR, Appellate Government Counsel.

Before DUNBAR, GREGORY and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted contrary to his pleas at a special court-martial bench trial of possession, sale, and transfer of marijuana on three occasions and sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $175.00 per month for 3 months, and reduction to pay grade E–1. The supervisory authority probationally suspended the discharge. The accused contends that the court-martial lacked jurisdiction over the third possession, sale and transfer offenses because they occurred off-base. *See United States v. McCarthy,* 2 M.J. 26 (C.M.A.1976). We find that the offenses, which resulted from prior shipboard negotiations while the accused was in a duty status, were service connected within the meaning of *Relford v. Commandant,* 401 U.S. 355, 91 S.Ct. 649, 28 L.Ed.2d 102 (1971), and affirm.

On two occasions the accused, a petty officer and ship's barber, sold small amounts of marijuana in the ship's barbershop to an informant, a nonrated man. Subsequently, the accused arranged to sell the informant a pound of marijuana. These negotiations also took place in the ship's barbershop while the accused and the informant, a member of the ship's deck force, were in a duty status. The accused indicated that the money for the transaction would be provided by other crew members who would sell the marijuana off-base. When the informant arrived at the accused's off-base apartment to consummate the negotiated purchase, he discovered that the accused did not have a pound of marijuana and purchased 17 grams instead.

■ In order to determine whether an offense committed off-base by a service member is service connected within the meaning of *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969), and, consequently, whether it is triable by court-martial, the jurisdictional criteria enunciated in *Relford v. Commandant, supra,* must be carefully weighed. *United States v. Moore,* 1 M.J. 48 (C.M.A.1976). The issue turns on gauging the impact of an offense on military discipline and effectiveness, on determining whether the military interest in deterring the offense is distinct from and greater than that of civilian society, and on whether the distinct military interest can be adequately vindicated in civilian courts. *Schlesinger v. Councilman,* 420 U.S. 738, 760, 95 S.Ct. 1300, 43 L.Ed.2d

591 (1975). Jurisdiction may not be predicated solely on the military status of the wrongdoer and the victim. *United States v. Hedlund,* 2 M.J. 11 (C.M.A.1976). Merely because the recipient of the contraband is a service member is insufficient, in and of itself, in drug cases to establish service connection. *United States v. McCarthy, supra.* An *ad hoc* approach must be taken in each case, balancing the significant jurisdictional criteria.

In *United States v. McCarthy, supra,* the Court of Military Appeals had occasion to consider whether the off-base transfer of three pounds of marijuana to a fellow serviceman was service connected. Weighing the *Relford* criteria, the Court found that the following four factors were sufficient to vest a court-martial with jurisdiction:

1. The formation of the criminal intent for the offense on-post;

2. The substantial connection between the defendant's military duties and the crime;

3. The transferee's being engaged in the performance of military duties, known to the defendant, at the time the agreement to transfer was reached;

4. The threat posed to military personnel, and hence the military community itself, by the transfer of a substantial quantity of marihuana to a fellow soldier who was a known drug dealer.

The accused's sale and transfer of 17 grams of marijuana at his off-base apartment and his possession incident thereto were the culmination of a course of conduct which had its genesis on board ship while the accused and the informant were in a duty status. Three of the four *McCarthy* factors, formation of the criminal intent on base, the substantial connection between the accused's military duties and the crime, and the transferee's duty status known to the accused during the negotiations which led to the transfer, are present in this case. The shipboard negotiations between superior and subordinate while both were in a duty status posed a threat to the discipline of the unit. Under the circumstances these factors provide a sufficient basis for court-martial jurisdiction.

We realize that the Court of Military Appeals said recently in *United States v. McCollum,* 6 M.J. 224 (C.M.A.1979) that offenses alleged to have been committed off-base may not be subject to court-martial jurisdiction even though the plans to commit the offenses were formulated on-base. *McCollum* is distinguishable from the instant case because there is no indication in *McCollum* that the on-base agreement or negotiations were pleaded or that the accused and transferee were in a duty status during those negotiations. *See United States v. Alef,* 3 M.J. 414 (C.M.A.1977) (The basis for jurisdiction must be pleaded).

We do not believe that the Court of Military Appeals in *McCollum* intended to ignore the teaching of *Relford* and overrule the holding in *McCarthy* that the formulation of the criminal intent on base and the connection between the crime and the duty status of the accused and the transferee are factors to be given great weight in determining whether the offense is service connected. *Compare United States v. Gash,* 2 M.J. 707 (A.F.C.M.R.1976), *aff'd* 4 M.J. 83 (C.M.A.1977) *with McCollum, supra.* See *generally* Squires, *In The Wake of Alef; A Return to McCarthyism,* 9 ADVOCATE No. 6, at 10 (1977). These factors may engender the pervasive military interest in deterring an offense which cannot be vindicated in the civilian courts.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Senior Judge DUNBAR and Judge GREGORY concur.